IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40864
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EUGENIO FALCON, JR., also known as Gene Falcon,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-98-CR-24-01
--------------------

August 24, 1999

Before KING, Chief Judge, and DAVIS and SMITH, Circuit Judges.

PER CURIAM:[*]

Eugenio Falcon, Jr., a/k/a Gene Falcon, appeals his sentence after pleading guilty to conspiracy to defraud the United States arising out of a bail bond bribery scheme. Falcon argues that the district court erred in applying U.S.S.G. § 2C1.1, the guideline for bribery with a base offense level of 10. He contends that the applicable guideline was § 2C1.2, for accepting a gratuity, with a base offense level of 7. He also argues that the district court erred in applying § 2C1.1(b)(2)(B) because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

there was only one bribe which was paid in installments.  The Government argues that Falcon waived his right to appeal his sentence in his plea agreement.

Falcon was sentenced exactly according to the guideline range agreed upon in the plea agreement.  Falcon does not argue that he was not aware of or did not understand the waiver-of-appeal provision in his plea agreement.  Falcon's argument in his reply brief about statements made by the district court at sentencing are irrelevant to whether Falcon knowingly and voluntarily waived his right to appeal his sentence when he pleaded guilty.  We hold that Falcon waived his right to appeal his sentence, which was imposed within the guideline range agreed upon in his plea agreement, and we DISMISS THIS APPEAL AS FRIVOLOUS.  See United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994).